# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL J. GRASSO, JR, : | CIVIL ACTION NO. 3:21-0130 |
| Petitioner : | |
| v. : | (JUDGE MANNION) |
| WARDEN ERIC BRADLEY : | |
| Respondent : | |

## MEMORANDUM

Petitioner, Michael J. Grasso, an inmate confined in the Canaan United States Penitentiary, Waymart, Pennsylvania, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. 1). He challenges his 2019 federal sentence imposed by the United States District Court for the Eastern District of Pennsylvania. Id. For the reasons set forth below, the Court will dismiss Petitioner's §2241 petition without prejudice for lack of jurisdiction.

## I. Background

Grasso's conviction and sentence in the Eastern District of Pennsylvania's federal court was recently summarized by that court as follows:

> In August of 2017, a grand jury indicted Grasso on twenty-nine counts of mail fraud, eight counts of wire fraud, twenty-two

counts of money laundering, six counts of making false statements and one count of aiding and abetting. See (Indictment, ECF No. 1). After a bail hearing, Grasso was released pending trial on the conditions that he would submit certain outgoing mail to U.S. Postal Inspectors before distribution and abide by all federal, state and local laws while on release. See (Conditions on Release Order, ECF No. 9). Grasso violated both conditions by trying to unlawfully distribute "mailings using short-paid postage" and without submitting the mailings to U.S. Postal Inspectors, (Mot. to Revoke Bail 1, ECF No. 19), so the Court revoked his bail and ordered him remanded into custody. See (Order Revoking Bail, ECF No. 27). Grasso eventually pleaded guilty to over twenty counts. See (Guilty Plea Agreement ¶ 1, ECF No. 39). And in May of 2019, the Court sentenced him to seventy-eight months' imprisonment. (J. in Crim. Case, ECF No. 64.)

United States v. Grasso, 2020 WL 5217131, slip op. at *1 (E.D. Pa. Sept. 1, 2020). Grasso never appealed the conviction or his sentence nor has he sought relief under 28 U.S.C. §2255. (See Doc. 6-1 at 1, Criminal Docket for Case #2:17-cr-00436).

On January 25, 2021, Grasso filed the instant petition for habeas relief seeking a "correction of sentence" based on newly discovered evidence, including the elimination of two counts of conviction and removal of two sentence enhancements. (Doc. 1). Additionally, Grasso requests that his criminal history category of three be corrected to a category of two as it resulted in an incorrect sentencing guideline range of 78 months. Id.

## II. Discussion

It is well settled that to challenge the validity of a sentence, a federal prisoner must file a motion to vacate pursuant to 28 U.S.C. §2255 in the sentencing court, which is "already familiar with the facts of the case." See Boumediene v. Bush, 553 U.S. 723, 774-75 (2008); see also Russell v. Martinez, 325 F. App'x 45, 47 (3d Cir. 2009) (noting that "a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence"). Conversely, a federal prisoner may challenge the execution of his sentence, such as the denial or revocation of parole or the loss of good-time credits, by filing a petition pursuant to 28 U.S.C. §2241 in the district court for the federal judicial district where he is in custody. See 28 U.S.C.§ 2241(a); Rumsfeld v. Padilla, 542 U.S. 443-44 (2004); Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). However, if a petitioner shows "that a §2255 motion 'is inadequate or ineffective to test the legality of his detention,' ... [he may] resort to §2241 to challenge the validity of the conviction or sentence." See Brown v. Mendez, 167 F. Supp. 2d 723, 726 (M.D. Pa. 2001); see also 28 U.S.C. §2255(e); Litterio v. Parker, 369 F.2d 395, 395 (3d Cir. 1966) ("It is firmly established that the remedy available to a federal prisoner under 2255 is

exclusive in the absence of a showing that such remedy 'is inadequate or ineffective to test the legality of [the prisoner's] detention.' ").

A motion under §2255 is not "inadequate or ineffective" if the sentencing court has previously denied relief. See In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). Nor is a §2255 motion "inadequate or ineffective" merely because the inmate "is unable to meet the requirements of [28 U.S.C.] §2244 and §2255(h), which require a federal prisoner to obtain preauthorization from the appropriate United States Court of Appeals before filing a second or subsequent §2255 motion in the sentencing court." See Miller v. United States, No. 3:19-cv-2159, 2020 WL 820334, at *2 (M.D. Pa. Jan. 9, 2020), report and recommendation adopted, 2020 WL 815777 (M.D. Pa. Feb. 18, 2020). Moreover, "§2255 is not inadequate or ineffective merely because the petitioner cannot satisfy §2255's timeliness or other gatekeeping requirements." See Long v. Fairton, 611 F. App'x 53, 55 (3d Cir. 2015) (citing Dorsainvil, 119 F.3d at 251). The Third Circuit:

> permits access to §2241 when two conditions are satisfied: First, a prisoner must assert a "claim of 'actual innocence' on the theory that 'he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision' and [Third Circuit] precedent construing an intervening Supreme Court decision"—in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review. And second, the prisoner must be "otherwise barred from challenging the legality of the conviction

under § 2255." Stated differently, the prisoner has "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate."

Bruce v. Warden Lewisburg USP, 868 F.3d 170, 180 (3d Cir. 2017) (quoting Dorsainvil, 119 F.3d at 251). If a petitioner improperly challenges a federal conviction or sentence under §2241, the §2241 petition must be dismissed for lack of jurisdiction. See Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002).

In the instant case, Petitioner challenges his conviction and sentence, presenting several arguments for why they are invalid. Petitioner, however, has not met his burden of demonstrating that a motion under §2255 is inadequate or ineffective to challenge the legality of his detention. Moreover, even if Grasso's petition did pass procedural muster, jurisdiction would reside in the Eastern District of Pennsylvania as the court of conviction and court that imposed his sentence. See 28 U.S.C. §2255(a). While Petitioner has not filed a §2255 motion challenging his conviction and sentence, this Court has noted that "[t]he remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under §2255." See Dusenberry v. Oddo, No. 17-cv-2402, 2018 WL 372164, at *4 (M.D. Pa. Jan. 11, 2018). Likewise, as noted above, "§2255 is not inadequate or ineffective merely because the petitioner cannot satisfy §2255's timeliness or other

gatekeeping requirements." See Long, 611 F. App'x at 55. Therefore, Petitioner may not rely upon §2241 to raise his claims, and the Court will dismiss his §2241 petition for lack of jurisdiction.

III. **Conclusion**

Based on the foregoing, Grasso's petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241 will be dismissed for lack of jurisdiction without prejudice to Petitioner's right to file a §2255 motion in the sentencing court, subject to the pre-authorization requirements set forth in 28 U.S.C. §§2244 and 2255(h), as they may apply. Because Petitioner is not detained because of a process issued by a state court and the petition is not brought pursuant to §2255, no action by this Court with respect to a certificate of appealability is necessary.

An appropriate Order follows.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: May 21, 2021**
21-0130-01